# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

The Trustees of the Minnesota State Basic Building Trades Fringe Benefit Funds,

Plaintiffs,

vs.

Derek Balsimo,

Defendant.

Civil File No. 01-1972 JRT/FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

Rosene, Haugrud & Staab, Chartered, by Stephen Kelly, Esq., of Saint Paul, Minnesota, appeared for Plaintiffs.

No one, appeared for Defendant.

This matter came on for hearing before the Court on April 24, 2002, on Plaintiffs' motion for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on October 30, 2001.
2. That Defendant is neither an infant nor an incompetent person.
3. That Defendant has failed to Answer, or otherwise defend, and is in default.
4. Defendant is signatory to the following Collective Bargaining Agreements:
   a. between the Associated General Contractors of Minnesota ("AGCM"), the Minnesota Concrete and Masonry Contractors Association ("MCMCA"), and the Bricklayers and

APR 24 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 24 2002
DEPUTY CLERK

Allied Craftworkers Union Local No. 1 of Minnesota.

b. between the Associated General Contractors of Minnesota ("AGCM"), the Minnesota Concrete and Masonry Contractors Association ("MCMCA"), and the Minnesota Cement Masons, Plasterers and Shophands Local No. 633.

5. Pursuant to the above-referenced Collective Bargaining Agreements, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendant's delinquency because they have a continuing obligation to provide benefits regardless of whether Defendant submits the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendant resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreements, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendant is in default, and Plaintiffs are entitled to judgment against Defendant, for delinquent fringe benefit contribution payments, together with interest , liquidated damages, audit fees, attorney fees and costs.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendant's books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendant in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 24, 2002

John R. Tunheim
United States District Judge